UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81150-CIV-RYSKAMP/LYNCH

KIM DOROTHEA MESSICK,

  Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

  Defendant.

_____/

```
FILED by _____ D.C.

    JAN - 3 2011

   STEVEN M. LARIMORE
   CLERK U.S. DIST. CT.
  S.D. OF FLA. - FT. PIERCE
```

REPORT AND RECOMMENDATION ON
PLAINTIFF'S PETITION FOR ATTORNEY'S FEES [D.E. #33]

THIS CAUSE having come on to be heard upon the above captioned Petition For Attorney's Fees and this Court having reviewed the motion and the Commissioner's response, makes the following recommendation to the District Court.

1.     The Plaintiff was the prevailing party in this matter based upon an order of summary judgment entered by the District Court. The Plaintiff's motion requests $4,997.53 in attorney's fees which represents 28.45 hours at the rate of $175.66 an hour.

2.     This Court has reviewed the tasks performed and the time devoted to those tasks as set forth in the attachment provided by counsel for the Plaintiff. This Court finds that the tasks performed and the time devoted to each task is reasonable.

3.     Citing the assignment of EAJA fees attached to the application, the Plaintiff also requests that the fee award be paid directly to her counsel.

4.     As a general rule, fees awarded under 28 U.S.C. § 2412(d), EAJA, are payable to the plaintiff, not plaintiff's counsel. See Reeves v. Astrue, 526 F.3d 732 (11th

Cir. 2008).  This means that the EAJA award is subject to offset against any pre-existing debt that the plaintiff owes to the government.  See Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010), 31 U.S.C. §3716, and 31 C.F.R. §285.5.  Although a plaintiff is free to assign his or her right to the EAJA fee award, see generally, Ratliff, 130 S.Ct. at 2530 (clarifying that after the EAJA award payment to the litigant, "the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J., concurring), the assignment does not preclude the offset, see 31 C.F.R. §285.5(e)(6)(ii).

5.      The Defendant's response requests that the Court Order reflect that the EAJA fee be payable to the Plaintiff.  However, the Defendant goes on to state that the Commissioner will determine whether Plaintiff has any outstanding federal debt that is subject to offset and that if there is no debt owed by Plaintiff, the check will be made payable to Plaintiff's attorney based on the assignment.  This Court therefore finds that the EAJA fee award may be payable directly to Plaintiff's counsel only where the Plaintiff owes no debt to the government and where the Plaintiff assigns the right to the award to her attorney.

**ACCORDINGLY**, this Court recommends that the Petition For Attorney's Fees [D.E. #33] be **GRANTED** and that the Plaintiff be awarded a total of $4,997.53 in attorney's fees pursuant to the EAJA subject to offset against any pre-existing debt that the Plaintiff owes to the United States and that the award amount that remains after offset be paid directly to Plaintiff's counsel pursuant to the assignment.  This Court further recommends that the Defendant be directed to pay the fee award within sixty (60) days of the date of the District Court's order entered upon this Report and Recommendation.  This is sufficient time to

allow the Defendant to research whether the Plaintiff has any outstanding debts and to determine whether they qualify for offset in accordance with the requirements of 31 U.S.C. §3716(a), as cited by Justice Thomas in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010) and as discussed further in <u>Omegbu v. U.S. Dept. of Treasury</u>, 118 Fed. Appx. 989 (7th Cir. 2004), as well as with the requirements of 31 C.F.R. §285.5.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Kenneth L. Ryskamp, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of January, 2011, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Kenneth L. Ryskamp
AUSA Marlene A. Fernandez-Karavetsos
Lilli W. Marder, Esq.